IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-87 |
| | ) | Civil No. 18-1287 |
| | ) | Judge Nora Barry Fischer |
| LANCE GARDENHIRE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

I.  INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Lance Gardenhire ("Defendant"), (Docket Nos. 2906), and the Government's opposition thereto, (Docket No. 3159). Defendant maintains that the judgment in this case should be vacated because he was allegedly provided ineffective assistance of counsel during pretrial proceedings. (Docket No. 2906). The Government counters that Defendant has failed to meet his burden to demonstrate ineffective assistance of counsel and was not prejudiced by his counsel's advice given his guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement with the Government. (Docket No. 3159). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [2906] is denied.

II.  BACKGROUND

As the Court has written previously, this case is the result of a Drug Enforcement Administration ("DEA") investigation into interstate heroin trafficking by a number of individuals in the Pittsburgh neighborhoods of Beltzhoover, Knoxville, Arlington and Allentown which was run by Defendant and other members of the "Zhoove" gang. (*See* Docket No. 1953).

1

Given his prominent role, the DEA named this the "Lance Gardenhire Drug Trafficking Organization." The investigation resulted in the indictment of at least 39 individuals for drug trafficking and related offenses at Criminal Numbers 15-87, 16-18 and 16-19. *See generally* Crim. Nos. 15-87; 16-18; 16-19. In April of 2017, all but eight defendants had pled guilty and after consulting with the parties, the Court split the case into two groups for trial. Defendant was part of the first group, which also included his son, Khyree Gardenhire, his wife, Lasean Gardenhire and another prominent member of the organization, Corey Cheatom.

At a final pretrial conference on April 17, 2017, the Court was advised of a dispute between Defendant and his retained counsel, James Wymard, Esq. (Docket No. 2875). The Court conducted an ex parte hearing to determine the nature of the dispute, after which Mr. Wymard filed a motion to withdraw as counsel and continue the trial as to his client. (*Id.*). The Court then conducted a motion hearing on April 19, 2017 and issued a decision denying the motion on April 20, 2017, which is fully incorporated herein. (Docket Nos. 2876; 2248).

On the day set for jury selection and trial, April 24, 2017, the Court was advised that the parties had reached plea agreements and then conducted separate change of plea proceedings for Lasean Gardenhire; Khyree Gardenhire; Corey Cheatom; and Defendant. (*See* Docket No. 2791 at 12). The jurors who had been summoned to the courthouse remained in the jury selection room during those proceedings and were then excused after each of the four codefendants entered their guilty pleas. (*Id.*). Relevant here, Defendant pled guilty to Count One of the Superseding Indictment at Criminal Number 15-87, i.e., one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, contrary to the provisions of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(i), and in violation of 21 U.S.C. § 846, from March 2012 through May 21, 2015 and to Count Three of the Superseding Indictment, i.e., one count of

conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(B)(i), also from March 2012 through May 21, 2015. (Docket No. 2272). As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, understood the Constitutional and other rights that he was waiving by entering a guilty plea, and that he was knowingly and voluntarily pleading guilty. (Docket No. 2791). The Court addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that he executed the plea agreement and stipulated to all of the following:

- Defendant would plead guilty to Counts 1S and 3S and Counts 2S and 7S would be dismissed upon the imposition of sentence in this case;

- Given the Government's filing of a § 851 Information, the potential penalties at Count 1S included a mandatory minimum sentence of 20 years and up to life imprisonment;

- the amount of heroin attributable to Defendant resulting from his commission of the offense was 30 to 90 kilograms; and,

- pursuant to Rule 11(c)(1)(C), the parties stipulated that the appropriate sentence in this case was a term of imprisonment of 240 months, no fine, a term of supervised release of 10 years, and a special assessment of $200.

*Plea Letter dated 4/24/17*; Docket No. 2791 at 27-30.

At the sentencing hearing, no objections were lodged to the Presentence Investigation Report or the Court's Tentative Findings and Rulings and both parties advocated that the Court should accept their Rule 11(c)(1)(C) plea agreement. (*See* Docket No. 2796). Defendant declined to make an allocution in response to the Court's invitation. (*Id.*). After careful consideration of the § 3553(a) factors, and for reasons detailed on the record, the Court held that Defendant knowingly and voluntarily pled guilty to Counts 1S and 3S; accepted the parties' plea agreement; and imposed their agreed-upon sentence of 240 months' incarceration; 10 years'

supervised release; a $200 special assessment; and the forfeiture of five vehicles.  (*Id*.).  A fine was waived given Defendant's inability to pay and the Court dismissed Counts 2S and 7S upon an oral motion by the Government.  (*Id*.).  As part of the plea agreement, the Court subsequently held contested forfeiture proceedings, at the conclusion of which the Court ordered that the Gardenhires' residence at 405 Zara Street was forfeited to the Government.  *See United States v. Gardenhire*, 2017 WL 6371362 (W.D. Pa. Dec. 13, 2017).

Defendant did not appeal his conviction or the agreed-upon sentence.  (*See generally* Docket Report 15-87).  However, he and his wife challenged the forfeiture of the residence on appeal.  The Court of Appeals affirmed this Court's decision forfeiting the property to the Government.  *See United States v. Lance Gardenhire*, 792 F. App'x 174 (3d Cir. 2019); *see also United States v. Lasean Gardenhire*, 792 F. App'x 175 (3d Cir. 2019).

While the appeal was pending, on September 13, 2018, Defendant's § 2255 Motion and supporting brief were filed with the Court.  (Docket No. 2906).  The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and granted him several extensions to supplement his motion, but after he did not do so, the Court ordered the Government to respond.  (Docket Nos. 2907; 2914; 2915; 2957; 2961; 3000; 3002).  The Government submitted its initial response on June 30, 2019, arguing that the Court lacked jurisdiction given the pending appeal.  (Docket No. 3031).  The Court agreed and denied Defendant's motion, as premature and without prejudice.  (Docket No. 3032).

After the Third Circuit's ruling, Defendant sought leave to reopen the matter, which the Government did not oppose.  (Docket Nos. 3131; 3140).  The Court reopened the case and the Government filed its Response on June 30, 2020.  (Docket No. 3159).  Defendant submitted correspondence on August 12, 2020 which the Court construes as a Reply.  (Docket No. 3170).

No further briefing has been requested and the Court considers the matter to be fully briefed and ripe for disposition.

  III.  LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland*, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir.

2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV.  DISCUSSION

Defendant lodges three primary arguments in support of his § 2255 Motion: 1) his counsel was ineffective because he was unprepared for trial; 2) his counsel was ineffective because he did not timely move to withdraw as counsel, which the Court then denied; and 3) his counsel was ineffective during the forfeiture proceedings related to his former residence. (Docket No. 2906).  The Government maintains that Defendant has neither shown that his counsel was ineffective nor that he was prejudiced by any alleged errors since he pled guilty

6

pursuant to a Rule 11(c)(1)(C) plea agreement and was sentenced in accordance with the parties' agreement. (Docket No. 3159). Having considered the parties' positions, the Court concurs with the Government that Defendant's motion is without merit and must be denied without a hearing.

At the outset, Defendant's challenge to the forfeiture order is not cognizable in a § 2255 motion. *See e.g., United States v. Davies*, 2020 WL 3259420, *1 (3d Cir. May 7, 2020) (defendant's "challenges to the forfeiture and restitution orders are not cognizable under § 2255"); *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("Our own precedent holds that the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes."). It is also well established that a § 2255 motion may not be employed to re-litigate issues that were raised and resolved in a prior direct appeal, as were the forfeiture issues in this case. *See Travillion*, 759 F.3d at 288 (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)). In any event, the fact that defense counsel litigated the forfeiture dispute on Defendant's behalf and lost simply does not establish that he was provided ineffective assistance of counsel during those proceedings. *Cf. United States v. Terry*, Civ. No. 14-cv-1006, 2015 WL 4255527, at *7 (W.D. Pa. July 14, 2015) (Hornak, J.) ("Mr. Terry's claim as to those arguments, then, is essentially that, because his attorney did not win those arguments (because the court denied the motion to suppress), counsel was ineffective. To conclude as much would be to say that every attorney who has ever lost an argument (i.e., every attorney), was thereby providing ineffective assistance of counsel in violation of the Sixth Amendment. Such accusations simply do not withstand scrutiny and must be rejected."). Therefore, Defendant's motion is denied as to the alleged ineffective assistance during forfeiture proceedings.

The Court next turns to the remaining issues concerning counsel's alleged lack of trial preparation and his purported delays in bringing the motion to withdraw as counsel, both of

which can be analyzed together. (*See* Docket No. 2906). Initially, the record developed at the April 17, 2017 pretrial conference, April 19, 2017 motion hearing and April 24, 2017 change of plea hearing conclusively refutes Defendant's claims that his counsel was unprepared or waited a month prior to bringing the motion to withdraw. (Docket Nos. 2248; 2791; 2875; 2876). Rather, as the Court explained in its April 20, 2017 Memorandum Opinion, Defendant's experienced counsel confirmed on the record that he was prepared to defend the case; there were no disputes between the lawyer and client until a few days before the pretrial conference; and, their disputes concerned trial strategy and a lack of a plea offer. (*See* Docket No. 2248). As noted above, the fact that the Court ruled against Defendant's position on the motion to withdraw as counsel and to continue the trial is not sufficient to demonstrate ineffective assistance of counsel. *See Terry*, 2015 WL 4255527, at *7. Defendant also has not offered any evidence to demonstrate that his counsel was not prepared to try the matter and the record shows that they had multiple meetings leading up to trial. (Docket No. 2248).

With that said, the Court agrees with the Government that Defendant's § 2255 motion challenging counsel's pretrial representation is properly denied without a hearing because he has not demonstrated that he was prejudiced by any of the alleged errors committed by his counsel. *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965, 198 L. Ed. 2d 476 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his

attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1967. In addition, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Here, Defendant cannot establish prejudice because his present assertions that he would have gone to trial absent his counsel's errors are undermined by his prior statements on the record that he both wanted the Government to make him a plea offer and later pled guilty to the plea agreement while jurors were patiently waiting in the Court's jury selection room. (Docket Nos. 2791; 2875; 2876). Indeed, during the change of plea hearing, the Government invited the Defendant to proceed to jury selection and trial but he chose to continue with the change of plea hearing. (*See* Docket No. 2791 at 11-12 ("MR. HALLER: Your Honor, we would be happy to alleviate the trouble and just go ahead and pick a jury and we will try Mr. Gardenhire, we are willing to do that. THE DEFENDANT: You already pleaded my wife and son out, what are you talking about? …THE COURT: … So Mr. Wymard is telling me, Mr. Gardenhire, you want to go ahead with the change of pleas, so may I continue? THE DEFENDANT: Yes, Your Honor.")). After conducting a detailed colloquy with Defendant, the Court found that he knowingly and voluntarily pled guilty pursuant to the Rule 11(c)(1)(C) plea agreement, accepted the agreement at sentencing and imposed the agreed-upon penalties including 240 months' incarceration. (Docket Nos. 2791; 2796). He also received substantial benefits under the plea agreement, including: a significant 120-month variance below the advisory guidelines range of 360 months to life imprisonment; and, the dismissal of two significant charges carrying mandatory penalties, including a mandatory, consecutive sentence of 5 years and up to life at

Count 7S.  (Docket No. 2796).  Hence, Defendant's claim that he would have gone to trial where, upon conviction, he would have lost the benefits of the plea agreement and faced a total mandatory minimum penalty of 25 years and up to life imprisonment is specious.  *See Lee*, 137 S. Ct. at 1965.

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid conviction and sentence under § 2255.  *See Travillion*, 759 F.3d at 288.

V.     CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [2906] is denied, with prejudice.  The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  November 20, 2020

cc/ecf:  All counsel of record

LANCE GARDENHIRE
USMS 31385068
Allegheny County Jail
DOC & POD No. 43632
950 2nd Avenue
Pittsburgh, PA 15219-3100
(via first class mail)